**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

BILLY RAY BURGE,                                                                    PLAINTIFF

v.                                           3:26CV00005-DPM-JTK

EDITH ELLIOT, et al.                                                              DEFENDANTS


## ORDER

Billy Ray Burge, Jr. ("Plaintiff") is an inmate at the Independence County, Arkansas, Detention Center (the "Detention Center"). His claims in this case arise from the time he was a pretrial detainee at the Sharp County, Arkansas, Detention Cetner. (Doc. No. 3 at 3). He filed this pro se action against Sharp County Detention Center Administrator Edith Elliot alleging deliberate indifference to his serious medical needs and violation of the Americans with Disabilities Act ("ADA"). (Doc. Nos. 1, 3). Plaintiff also filed a Motion to Proceed In Forma Pauperis, which the Court granted. (Doc. Nos. 4, 5).

The Court must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA"). Plaintiff's deliberate indifference to serious medical needs claim against Defendant Elliot survives screening as pled. As explained in detail below, Plaintiff's allegations asserting violation of the ADA, however, fail to state a claim on which relief may be granted. Plaintiff will be given the chance to amend his pleadings to cure the defects.

## I.      Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief

from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b).    See also 28 U.S.C. § 1918(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.    See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."    Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).    In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.    Haines v. Kerner, 404 U.S. 519, 520 (1972).    The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.    Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II.    Facts and Analysis

Plaintiff filed a Complaint and an Amended Complaint.    (Doc. Nos. 1, 3).    As the Court of Appeals for the Eighth Circuit has indicated, pleadings should be read together and construed so as to do justice.    Kiir v. N. Dakota Pub. Health, 651 F. App'x 567, 568 (8th Cir. 2016); Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam).    Accordingly, the Court will read the pleadings together as one in screening Plaintiff's claims.

In his Complaint, Plaintiff says he wants to sue "the Jail Admin at [the] Sharp County Detention Center."    (Doc. No. 1 at 1).    Plaintiff then identified the Jail Admin as Edith Elliot. (Id.).    Plaintiff alleges Defendant Elliot was deliberately indifferent to his serious medical needs because she denied him medication, suboxone, that he had been taking for 15 years.    (Id.). Plaintiff asserts Defendant Elliot denied him medication on three separate occasions.    (Id.).

2

According to Plaintiff, he "suffered severe detoxing and withdrawals with no medical attention" after Defendant Elliot withheld his medication. (Id.). Plaintiff filed grievances every day from April 11, 2024, until June 21, 2025, but his grievances were ignored. (Id.).

In his Amended Complaint, Plaintiff reiterates his allegations against Defendant Elliot with more background information. (Doc. No. 3 at 4-6). Plaintiff also asserts that Defendant Elliot violated the Americans with Disabilities Act. (Id. at 6-7).

Plaintiff brings his claims against Defendant Elliot in her personal capacity only. (Doc. No. 1 at 1; Doc. No. 3 at 2). He seeks damages and asks that his "charges in Sharp County be dismissed." (Doc. No. 1 at 1; Doc. No. 3 at 8).

### A.      Personal Capacity Claims

Plaintiff brought his claims under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

### 1.      Deliberate Indifference to Serious Medical Needs

Plaintiff identified a serious medical need—addiction treated by the prescribed medication suboxone. Plaintiff said he had the medication in his belongings at the Detention Center, but Defendant Elliot nonetheless did not allow him to use it. The Court will serve Plaintiff's deliberate indifference to serious medical needs claim against Defendant Elliot.

### 2.      Americans with Disabilities Act

Plaintiff also alleges that Defendant Elliot violated the Americans With Disabilities Act. Plaintiff's claims arise under Title II of the ADA.   Pennsylvania Dep't. of Corr. v. Yeskey, 524 U.S. 206, 210 (1998).   Title II of the ADA provides: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity."   42 U.S.C. § 12132.   A county detention center is treated as a public entity under Title II of the ADA.   Baribeau v. City of Minneapolis, 596 F.3d 465, 484 (8th Cir. 2010); 42 U.S.C. § 12131(1).

> [T]o state a claim under Title II of the ADA, a Plaintiff must allege (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the [prison's] services, programs, or activities, or was otherwise subjected to discrimination by the [prison]; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability.

Rinehart v. Weitzell, 964 F.3d 684, 688 (8th Cir. 2020).

A "qualified individual with a disability" is an individual "who, with or without reasonable modifications to rules, policies, or practices, . . . or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). The ADA defines disability as "a physical or mental impairment that limits one or more major life activities of such individual; a record of such impairment; or being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1).   Major life activities are described as caring for oneself, performing manual tasks, lifting, bending, learning, reading, as well as functions of the immune system, among numerous other things.   42 U.S.C. § 12102(2)(A), (B).   In determining whether a plaintiff's disability substantially limits a major life activity, courts may consider, as compared to others,

"'the difficulty, effort, or time required [for the plaintiff] to perform a major life activity," among many other factors.   29 C.F.R. § 1630.2(j)(4)(i), (ii).   "'Substantially limits' is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i).   Title II does not contemplate suits against Detention Center employees in their personal capacities.   Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999).

Plaintiff does not explain in detail the condition from which he suffers or how that condition impacts his ability to perform major life activities.   He also does not say that he has a record of an impairment or that he is regarded as having an impairment.   Consequently, Plaintiff has not established that he is a qualified individual with a disability.   As a result, Plaintiff's ADA claim fails.

B.       Superseding Second Amended Complaint

Plaintiff may amend his Complaint (Doc. Nos. 1, 3) to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Second Amended Complaint that contains in a single document his claims against all Defendants he is suing.   Plaintiff is cautioned that a Second Amended Complaint renders his Complaint without legal effect.[1]   Only claims properly set out in the Second Amended Complaint will be allowed to proceed.   Therefore, Plaintiff's Second Amended Complaint should: **1) name as a Defendant each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates,**

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

**times, and places if possible;   3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit a Second Amended Complaint, the Court will serve Plaintiff's deliberate indifference to serious medical needs claim against Defendant Elliot and recommend that Plaintiff's other claims be dismissed.   28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

## IV.   Conclusion

IT IS, THEREFORE, ORDERED that:

1.     If Plaintiff wishes to submit a Second Amended Complaint for the Court's review, he must file the Second Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order.   If Plaintiff does not submit a Second Amended Complaint, the Court will serve Plaintiff's deliberate indifference to serious medical needs claim against Defendant Elliot and recommend that Plaintiff's other claims be dismissed.   28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

2.     The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 2nd day of April, 2026.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

6